UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH HASKELL, | No. 2:15-cv-0750-TLN-CMK PS |
| Plaintiff, | |
| v. | **ORDER** |
| JEFF GARRETT, et al., | |
| Defendants. | |

On April 6, 2015, Plaintiff Ruth Haskell filed a complaint in this matter entitled "Complaint and Request for Immediate Injunctive Relief". ECF No. 1. Plaintiff alleges that on September 24, 2014, some twenty-five officers and agents entered her property with a search warrant and rummaged through her belongings. Plaintiff and a guest at the property, Roongroj Spiritula, were arrested. Plaintiff claims she was injured by Tehama County Deputy Sherriff Jeff Garrett in the process of her arrest. Thereafter, on or about November 4, 2014, Plaintiff claims that a Tehama County Code Enforcement Officer, Keith Curl, posted a Notice to Abate on her property. On April 2, 2014, Curl made a subsequent inspection and told Plaintiff that certain of her belongings would be confiscated beginning on the morning of April 8, 2015.

While the body of Plaintiff's complaint contains no further reference to the nature of any injunctive relief being sought aside from a concluding prayer that injunctive relief against Defendants be granted, on April 7, 2015 Plaintiff filed an additional document captioned as an "Application for Preliminary Injunction Relief." ECF No. 3.

1

1 That Application states that Plaintiffs' "property, papers and [e]ffects" will be taken and
2 destroyed on April 8, 2015 by agents and officers of Tehama County, and that Plaintiff
3 will suffer irreparable harm causing "great financial loss" if an injunction does not issue.
4 Plaintiff does not otherwise detail any purported damage she will suffer.

Although styled as a preliminary injunction request, which ordinarily must be made by way of a regularly noticed motion, because the harm complained of by Plaintiff may begin tomorrow the Court will construe her request as a temporary restraining order potentially entitling Plaintiff to the emergency relief she requests.

As a request for a temporary restraining order, however, Plaintiff's request is procedurally defective and must be denied on that basis alone.[1]  Any application for a temporary restraining order must be made in accordance with Eastern District Local Rule 231.  Contrary to the provisions of Rule 231(c)(5), Plaintiff has failed to submit an affidavit detailing efforts to provide notice to Defendants, or alternatively, the reasons why such notice should not be required.  Plaintiff has also not submitted a brief on all relevant legal issues presented by her motion, or an affidavit in support of the existence of an irreparable injury as set forth in subdivisions (c)(3) and (c)(4), respectively.  Consequently, Plaintiff's Application for Preliminary Injunction Relief (ECF No. 3) is DENIED, without prejudice to Plaintiff's right to renew said Application in accordance with the provisions of Rule 231(c).

IT IS SO ORDERED.

Dated:  April 7, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Even if the Court disregarded the procedural defects of Plaintiff's Application, on a substantive basis it appears that Plaintiff has identified only "great financial loss" as her basis for claiming irreparable injury.  Monetary damage alone, however, does not constitute irreparable harm. Los Angeles Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1202 (9th Cir. 1980).  Instead, the requisite irreparable harm required for immediate injunctive relief must be a "substantial injury that is not accurately measured or adequately compensable by money damages." Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 19 (1st Cir. 1996).