IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH HASKELL, | No. 2:15-CV-0750-TLN-CMK |
|     Plaintiff, | |
|   vs. | ORDER |
| JEFF GARRET, et al., | |
|     Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court

must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

Plaintiff names the following as defendants:

> Hon. Todd Bottke, Judge, Tehama County Superior Court
> Jeff Garrett, Deputy, Tehama County Sheriff's Dept.
> Dave Greet, Lt., Tehama County Sheriff's Dept.
> Tim Potanivic, R.E.H.S. Director, Tehama County Dept. of Environ. Health
> Mike Dudley, Dudley's Excavating, Inc.
> Hill Enterprise Towing
> Steve Camblin, Dist. 1, Tehama County Board of Supervisors
> Candy Carlson, Dist. 2, Tehama County Board of Supervisors
> Dennis Gaton, Dist. 3, Tehama County Board of Supervisors
> Bob Williams, Dist. 4., Tehama County Board of Supervisors
> Burt Bundy, Dist. 5, Tehama County Board of Supervisors
> Don Thomas, Lt., Tehama County Sheriff's Dept.
> Ed McCullough, Chief Investigator, Tehama County Dist. Atty.
> Jeff Wing, Chief Investigator, Tehama County Dist. Atty.
> Matt Zalensy, Chief Investigator, Tehama County Dist. Atty.
> Chris Niederberger, Deputy, Tehama County Sheriff's Dept.
> Mark Levindofske, Det. Sgt., Tehama County Sheriff's Dept.
> Scott Lewis, Deputy, Tehama County Sheriff's Dept.
> Jennifer Fergison, Deputy, Tehama County Sheriff's Dept.
> Keith Curl, Enforcing Officer
> Kyle Lovelady, TIDE Task Force
> Lida Park, TIDE Task Force
> Kert Rulofson, Deputy, Tehama County Sheriff's Dept.
> Eric Patterson, Tehama County Sheriff's Dept.
> Eric Clay, Chief Investigator, Tehama County Dist. Atty.
> Rich Davidson, Chief Investigator, Tehama County Dist. Atty.
> Troy McCoy, Chief Investigator, Tehama County Dist. Atty.
> Officer Parker

Plaintiff alleges that "at least twenty five (25) officers and agents" entered her property on September 24, 2015. She states that she was shown a warrant after about 45 minutes, but the warrant was never given to her. Officer Jeff Garrett left two warrants with plaintiff's daughter at the time the officers left. Plaintiff's daughters, grandson, and guest were all handcuffed. One other person carrying a baby was "detained." According to plaintiff, she and those handcuffed and/or detained were read their rights. Plaintiff alleges that she asked for

an attorney to be present and was toled by Officer Garrett that if she didn't cooperate, everyone on the property would be arrested.

Plaintiff alleges that officers and agents "rummaged" through buildings, vehicles, and other property and that they damaged and destroyed property doing so. Plaintiff states that she observed officers in her van photographing Rancho Tehama Property Owners Association documents that had been in a closed container. Plaintiff claims that Keith Curl, a Code Enforcement Officers, told plaintiff that "there were code violations, and the electric box was of special concern."

Plaintiff alleges that Officer Garrett informed her that she was under arrest, whereupon Officer Parker "immediately grabbed Plaintiff's left arm and yanked it behind her." According to plaintiff, she screamed in pain. On the way to the jail, plaintiff told Officer Parker that she was diabetic and had not eaten anything. By the time she arrived at the jail, plaintiff informed officers she was dizzy. Plaintiff was later provided food and something to drink. According to plaintiff, she went to the hospital the next day where it was found that four bone spurs had broken off in her left shoulder, requiring surgery.

Next, plaintiff claims that the abatement of her property was addressed at a public meeting without notice to her, though plaintiff admits in the next paragraph of the complaint that "Code Enforcement Officer Keith Curl has a Notice to Abate dated 11/5/2014 placed on Plaintiff's gate." Plaintiff asserts that Curl mailed her a letter on November 17, 2014, regarding a code violation hearing to occur on November 20, 2014, but that he sent the letter to the wrong address. Plaintiff states that, despite this error, she was present at the November 20th hearing. Plaintiff then outlines various reasons why the charged code violations are not in fact violations.

Of the numerous individuals named in the complaint, plaintiff sets forth specific allegations as to defendants Parker, Garrett, and Curl. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl.

3

1  Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
2  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."
3  Id. at 570.  Legally conclusory statements, not supported by actual factual allegations, need not
4  be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  "A claim has facial
5  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
6  inference that the defendant is liable for the misconduct alleged." Id. at 1949.

       In this case, plaintiff has failed to allege any specific facts as to the named defendants other than Garrett, Parker, and Curl.  Therefore, the complaint fails to provide adequate notice and does not satisfy Rule 8.

       As to Garrett, Parker, and Curl, the court finds that the complaint states a claim for excessive force as against Parker, whom plaintiff alleges "grabbed Plaintiff's left arm and yanked it behind her" resulting in injuries that require surgery.  Plaintiff does not allege any facts as against Garrett other then he executed a facially valid warrant issued by a state Superior Court judge.  Finally, as to Curl, plaintiff does not allege facts indicating liability.  To the contrary, and to the extent plaintiff is asserting a due process claim, plaintiff admits that she was provided notice of the code violation hearing and that she attended.

       Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading.  See id.

/ / /

/ / /

1  Because the complaint appears to otherwise state a cognizable claim against
2  defendant Parker, if no amended complaint is filed within the time allowed therefor, the court
3  will issue an order for service on defendant Parker and findings and recommendations that the
4  remaining defendants be dismissed.
5  Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended
6  complaint within 30 days of the date of service of this order.

DATED: January 24, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE