# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH HASKELL, | No. 2:15-CV-0750-TLN-DMC |
| Plaintiff, | |
| v. | ORDER |
| JEFF GARRETT, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. On January 24, 2017, the court determined plaintiff's complaint stated a claim against and was appropriate for service on defendant Parker based on alleged use of excessive force. See Doc. 8 (January 24, 2017, order). The court, however, concluded plaintiff failed to state a claim against any other named defendant and provided plaintiff an opportunity to file a first amended complaint. See id. Now pending before the court is plaintiff's first amended complaint (Doc. 10).

The court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court

1

determines that it lacks subject matter jurisdiction. Because plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

## I. PLAINTIFF'S ALLEGATIONS

As with plaintiff's original complaint, plaintiff's first amended complaint names the following as defendants:

- Hon. Todd Bottke, Judge, Tehama County Superior Court
- Jeff Garrett, Deputy, Tehama County Sheriff's Dept.
- Dave Greer, Lt., Tehama County Sheriff's Dept.
- Tim Potanivic, R.E.H.S. Director, Tehama County Dept. of Environ. Health
- Mike Dudley, Dudley's Excavating, Inc.
- Hill Enterprise Towing
- Steve Camblin, Dist. 1, Tehama County Board of Supervisors
- Candy Carlson, Dist. 2, Tehama County Board of Supervisors
- Dennis Gaton, Dist. 3, Tehama County Board of Supervisors
- Bob Williams, Dist. 4., Tehama County Board of Supervisors
- Burt Bundy, Dist. 5, Tehama County Board of Supervisors
- Don Thomas, Lt., Tehama County Sheriff's Dept.
- Ed McCullough, Chief Investigator, Tehama County Dist. Atty.
- Jeff Wing, Chief Investigator, Tehama County Dist. Atty.
- Matt Zalensy, Chief Investigator, Tehama County Dist. Atty.
- Chris Niederberger, Deputy, Tehama County Sheriff's Dept.
- Mark Levindofske, Det. Sgt., Tehama County Sheriff's Dept.
- Scott Lewis, Deputy, Tehama County Sheriff's Dept.
- Jennifer Fergison, Deputy, Tehama County Sheriff's Dept.
- Keith Curl, Enforcing Officer

| | |
|---|---|
| 1 | Kyle Lovelady, TIDE Task Force |
| 2 | Lida Park, TIDE Task Force |
| 3 | Kert Rulofson, Deputy, Tehama County Sheriff's Dept. |
| 4 | Eric Patterson, Tehama County Sheriff's Dept. |
| 5 | Eric Clay, Chief Investigator, Tehama County Dist. Atty. |
| 6 | Rich Davidson, Chief Investigator, Tehama County Dist. Atty. |
| 7 | Troy McCoy, Chief Investigator, Tehama County Dist. Atty. |
| 8 | Officer Parker |

According to plaintiff:

> . . .At least 25 officers and agents trespassed on plaintiff's property, vandalized her property, assault and battery upon her person, committed burglary, assault upon her family member and other acts of terrorism. Their assault weapons pointed at plaintiff, family, and guest. Caused plaintiff and guest to be unlawfully arrested. Deprived plaintiff of legal process for the abatement of her property. . . .

Doc. 10, pg. 2 (plaintiff's first amended complaint).

Plaintiff outlines the following factual allegations:

1. On September 24, 2014, at approximately 7:30 a.m., "at least (25) officers and agents" entered plaintiff's property, breaking three gates and cutting two fences to do so.

2. After about 45 minutes, plaintiff was shown a warrant, but a copy of the warrant was never provided to her. Plaintiff states, defendant Garrett left two warrants after the officers left.

3. Plaintiff states the two warrants were issued for searches of her two parcels of property.

4. According to plaintiff, "[t]here is no affidavit, name of judge, judge's seal on this warrant."[1]

5. According to plaintiff, defendant Garrett told everyone present during the execution of the search warrant to cooperate or face being arrested. Plaintiff states everyone cooperated.

---

[1] Plaintiff attaches to her first amended complaint a copy of a single search warrant, dated September 23, 2014, for a search of two parcels as described in Attachment A to the warrant. The warrant is based on the affidavit of Jeff Garrett. The warrant was also reviewed by an assistant District Attorney and signed by a judge of the Tehama County Superior Court. As described in Attachment B to the warrant, officers were authorized to search for marijuana and marijuana cultivation paraphernalia and equipment.

3

      6.     Plaintiff states defendant Parker "was being so violent with Plaintiff's freezer, he broke it."

      7.     Plaintiff states she was told by defendant Garrett she was being arrested, whereupon "Officer Parker immediately grabbed plaintiff's left arm and yanked it behind her." Plaintiff states she screamed in pain.

      8.     Plaintiff states that she told defendant Parker on the way to the jail she was diabetic and hadn't eaten anything, though she does not allege she asked defendant Parker for food or drink or that defendant Parker ignored or denied such a request. Plaintiff states she was provided a drink and some food at 5:30 p.m. and by that time it had been 26 hours since she had last eaten.

      9.     Plaintiff claims abatement issues concerning her property were addressed at a "public meeting with no notice given to plaintiff," though plaintiff also states defendant Curl, a county code enforcement officer, put a notice to abate on her gate on November 5, 2014. Plaintiff also states a notice had been mailed to her on November 17, 2014, for a November 20, 2014, public hearing, but plaintiff claims that notice was sent to the wrong address. While plaintiff claims she did not receive notice, she also states she was present at the November 20, 2014, hearing.

      10.    According to plaintiff, defendant Curl lied at the November 2014 public hearing.

      11.    Plaintiff next claims she found a "24-hour notice" on her gate on April 1, 2015, for an inspection occurring on April 2, 2015.

      12.    Plaintiff alleges defendant Curl arrived on April 2, 2015, with two contractors and two deputy sheriffs. According to plaintiff, defendant Curl ordered the contractors to "take everything that wasn't in the house or two (2) small storage sheds." According to plaintiff, she was told by defendant Curl "they will arrive the morning of April 8, 2015, to begin distraction of plaintiff's property."

      13.    Plaintiff states that, as of January 5, 2015, "all charges were dropped on the matter of marijuana. . . ."

Id. at pgs. 3-9.

Plaintiff adds: "The Tehama county board of supervisors have passed ordinances in blatant disregard of the rights of the people, California constitution, California statutes, and the constitution of the United States." Id. at pg. 9. Plaintiff alleges defendants violated her rights under the First Amendment and Fourth Amendment. See id. at pg. 1.

/ / /

/ / /

/ / /

## II. DISCUSSION

Plaintiff's first amended complaint contains no allegations to support a First Amendment violation of her rights to freedom of speech, freedom of assembly, or freedom of religion. While the court finds plaintiff's first amended complaint states a cognizable claim against defendant Parker under the Fourth Amendment for allegedly using excessive force during the course of executing a facially valid warrant and plaintiff's arrest, the complaint does not state a Fourth Amendment excessive force claim against any other named defendant. The court also finds plaintiff has stated a cognizable Due Process claim against defendant Curl based on alleged defects in providing plaintiff notice of the public abatement hearing, as well as alleged misfeasance during the hearing.

As to defendant Garrett, plaintiff's allegations that he executed a facially valid warrant do not support liability. See Baker v. McCollan, 443 U.S. 137 (1979).

As with plaintiff's original complaint, plaintiff's first amended complaint fails to state a cognizable claim against any other named defendant besides Garrett, since plaintiff has not alleged any specific personal conduct by the other named defendants. For this reason, the first amended complaint continues to fail to provide adequate notice to the other named defendants. See Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

///

///

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
 2 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See</u>
 3 <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how
 4 each named defendant is involved, and must set forth some affirmative link or connection
 5 between each defendant's actions and the claimed deprivation. <u>See</u> <u>May v. Enomoto</u>, 633 F.2d
 6 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).
 7    Because the complaint appears to otherwise state cognizable claims, if no further
 8 amended complaint is filed within the time allowed therefor, the court will issue findings and
 9 recommendations that the claims identified herein as defective be dismissed, as well as such
10 further orders as are necessary for service of process as to the cognizable claims.
11    Accordingly, IT IS HEREBY ORDERED that plaintiff may file a second amended
12 complaint within 30 days of the date of service of this order.

Dated: January 15, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE