IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH HASKELL,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF GARRETT, et al.,<br><br>    Defendants. | No. 2:15-CV-0750-TLN-DMC<br><br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, who is proceeding pro se, brings this civil action. On January 24, 2017, the court determined plaintiff's complaint stated a claim against and was appropriate for service on defendant Parker based on alleged use of excessive force. See ECF No. 8 (January 24, 2017, order). The court, however, concluded plaintiff failed to state a claim against any other named defendant and provided plaintiff an opportunity to file a first amended complaint. See id. Plaintiff filed a first amended complaint on April 19, 2017, which the court determined was appropriate for service on defendants Parker and Curl. See ECF No. 13 (January 6, 2019, order). As with the original complaint, the court determined the first amended complaint failed to state a cognizable claim as against any other named defendants and provided plaintiff another opportunity to amend. Now pending before the court is plaintiff's second amended complaint.

/ / /

/ / /

1

The court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

## I. PLAINTIFF'S ALLEGATIONS

As with plaintiff's original complaint and first amended complaint, the second amended complaint names the following as defendants:

Hon. Todd Bottke, Judge, Tehama County Superior Court

Jeff Garrett, Deputy, Tehama County Sheriff's Dept.

Dave Greer, Lt., Tehama County Sheriff's Dept.

Tim Potanivic, R.E.H.S. Director, Tehama County Dept. of Environ. Health

Mike Dudley, Dudley's Excavating, Inc.

Hill Enterprise Towing

Steve Camblin, Dist. 1, Tehama County Board of Supervisors

Candy Carlson, Dist. 2, Tehama County Board of Supervisors

Dennis Gaton, Dist. 3, Tehama County Board of Supervisors

Bob Williams, Dist. 4., Tehama County Board of Supervisors

Burt Bundy, Dist. 5, Tehama County Board of Supervisors

Don Thomas, Lt., Tehama County Sheriff's Dept.

Ed McCullough, Chief Investigator, Tehama County Dist. Atty.

Jeff Wing, Chief Investigator, Tehama County Dist. Atty.

| | |
|---|---|
| 1 | Matt Zalensy, Chief Investigator, Tehama County Dist. Atty. |
| 2 | Chris Niederberger, Deputy, Tehama County Sheriff's Dept. |
| 3 | Mark Levindofske, Det. Sgt., Tehama County Sheriff's Dept. |
| 4 | Scott Lewis, Deputy, Tehama County Sheriff's Dept. |
| 5 | Jennifer Fergison, Deputy, Tehama County Sheriff's Dept. |
| 6 | Keith Curl, Enforcing Officer |
| 7 | Kyle Lovelady, TIDE Task Force |
| 8 | Lida Park, TIDE Task Force |
| 9 | Kert Rulofson, Deputy, Tehama County Sheriff's Dept. |
| 10 | Eric Patterson, Tehama County Sheriff's Dept. |
| 11 | Eric Clay, Chief Investigator, Tehama County Dist. Atty. |
| 12 | Rich Davidson, Chief Investigator, Tehama County Dist. Atty. |
| 13 | Troy McCoy, Chief Investigator, Tehama County Dist. Atty. |

Officer Parker, who was named in the original and first amended complaint, is not named in the second amended complaint.[1] A new defendant – Chris Benson – is named for the first time in the second amended complaint.

According to plaintiff:

> . . .At least 25 officers and agents trespassed on plaintiff's property, vandalized her property, assault and battery upon her person, committed burglary, assault upon her family member and other acts of terrorism. Their assault weapons pointed at plaintiff, family, and guest. Caused plaintiff and guest to be unlawfully arrested. Deprived plaintiff of legal process for the abatement of her property. . . .

ECF No. 14, pg. 3 (plaintiff's second amended complaint).

Plaintiff outlines the following factual allegations:

  1. On September 24, 2014, at approximately 7:30 a.m., "at least (25) officers and agents" entered plaintiff's property, breaking three gates and cutting two fences to do so.

///

---

[1] Plaintiff elected not to name Parker notwithstanding this Court having found on two occasions that plaintiff has a viable excessive force claim against him.

3

    2. After about 45 minutes, plaintiff was shown a warrant, but a copy of the warrant was never provided to her. Plaintiff states, defendant Garrett left two warrants after the officers left.

    3. Plaintiff states the two warrants were issued for searches of her two parcels of property.

    4. According to plaintiff, "[t]here is no affidavit, name of judge, judge's seal on this warrant."[2]

    5. According to plaintiff, defendant Garrett told everyone present during the execution of the search warrant to cooperate or face being arrested. Plaintiff states everyone cooperated.

    6. Plaintiff states Officer Parker "was being so violent with Plaintiff's freezer, he broke it."

    7. Plaintiff states she was told by defendant Garrett she was being arrested, whereupon "Officer Parker immediately grabbed plaintiff's left arm and yanked it behind her." Plaintiff states she screamed in pain.

    8. Plaintiff states that she told Officer Parker on the way to the jail she was diabetic and hadn't eaten anything, though she does not allege she asked Officer Parker for food or drink or that Officer Parker ignored or denied such a request. Plaintiff states she was provided a drink and some food at 5:30 p.m. and by that time it had been 26 hours since she had last eaten.

    9. Plaintiff claims abatement issues concerning her property were addressed at a "public meeting with no notice given to plaintiff," though plaintiff also states defendant Curl, a county code enforcement officer, put a notice to abate on her gate on November 5, 2014. Plaintiff also states a notice had been mailed to her on November 17, 2014, for a November 20, 2014, public hearing, but plaintiff claims that notice was sent to the wrong address. While plaintiff claims she did not receive notice, she also states she was present at the November 20, 2014, hearing.

    10. According to plaintiff, defendant Curl lied at the November 2014 public hearing.

    11. Plaintiff next claims she found a "24-hour notice" on her gate on April 1, 2015, for an inspection occurring on April 2, 2015.

///

---

[2] Plaintiff attached to her first amended complaint a copy of a single search warrant, dated September 23, 2014, for a search of two parcels as described in Attachment A to the warrant. The warrant is based on the affidavit of Jeff Garrett. The warrant was also reviewed by an assistant District Attorney and signed by a judge of the Tehama County Superior Court. As described in Attachment B to the warrant, officers were authorized to search for marijuana and marijuana cultivation paraphernalia and equipment. Plaintiff does not attach the warrant to the instant second amended complaint. Nonetheless, the court takes judicial notice of the warrant because it is a document upon which the second amended complaint necessarily relies. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

|   |   |
|---|---|
| 1 | 12. Plaintiff alleges defendant Curl arrived on April 2, 2015, with two contractors and two deputy sheriffs. According to plaintiff, defendant Curl ordered the contractors to "take everything that wasn't in the house or two (2) small storage sheds." According to plaintiff, she was told by defendant Curl "they will arrive the morning of April 8, 2015, to begin distraction of plaintiff's property." |
| 2 | |
| 3 | |
| 4 | |
| 5 | 13. Plaintiff states that, as of January 5, 2015, "all charges were dropped on the matter of marijuana. . . ." |
| 6 | ECF No. 14, pgs. 3-8. |

Plaintiff adds: "The Tehama county board of supervisors have passed ordinances in blatant disregard of the rights of the people, California constitution, California statutes, and the constitution of the United States." Id. at pg. 8.

## II. DISCUSSION

As indicated above, plaintiff's second amended complaint does not name Parker as a defendant despite the court's previous finding plaintiff stated a viable excessive force claim against him. As plaintiff no longer names Parker as a defendant, the court finds the second amended complaint does not properly proceed against Parker.

Plaintiff's allegations in the second amended complaint continue to state a cognizable due process claim against defendant Curl based on alleged defects in providing plaintiff notice of the public abatement hearing, as well as alleged misfeasance during the hearing.

Plaintiff continues to fail to state a cognizable claim against defendant Garrett based on plaintiff's allegations that he executed a facially valid warrant. See Baker v. McCollan, 443 U.S. 137 (1979).

As with plaintiff's original and first amended complaints, plaintiff's second amended complaint fails to state a cognizable claim against any other named defendant because plaintiff has not alleged any specific personal conduct by the other named defendants. Other than Parker (who is no longer a named defendant), Curl, and Garrett, plaintiff's second amended complaint does not mention any defendants by name. For this reason, the second amended complaint continues to fail to provide adequate notice to the other named defendants. See Fed. R.

Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

### III.  CONCLUSION

Given plaintiff's failure to cure the defects in her pleading despite being provided two opportunities to do so, the court finds further leave to amend is not warranted. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that:

1. This action shall proceed on plaintiff's due process claim against defendant Curl only; and

2. All other claims and defendants are dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 7, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE